**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KEVIN X. MCWILLIAMS,**

       **Plaintiff,**

**v.**                                                          **Civil Action No. 1:19cv76**
                                                                **(Judge Kleeh)**

**J. FRAME, Senior Officer; S. JAMISON,**
**Maintenance Worker Foreman; A. KUHL,**
**Lieutenant; A. WEAVER, Senior Officer;**
**J. BARNES, Senior Officer Specialist,**

       **Defendants.**

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S CONSTRUED**
**MOTION FOR LEAVE TO AMEND COMPLAINT BE DENIED AS FUTILE**

### I. Background

This <u>Bivens</u> action was filed on April 11, 2019, raising claims of excessive force arising

out of a mutual fight that occurred on January 10, 2018 on the compound of FCI Gilmer between

Plaintiff and another inmate. In addition to his excessive force claims, Plaintiff contends that the

Defendants fabricated a false incident report against him, and that as a result of the same, he

received various sanctions, including the loss of Good Conduct Time ("GCT"). Plaintiff contends

that he suffered permanent injuries in the form of scars to his face and wrists, has recurrent neck

pain, and experiences mental anguish.  It is unclear whether he has administratively exhausted his

claims. He requests monetary damages and injunctive relief.

On April 22, 2020, the Defendants were directed to respond to the complaint.  On June 25,

2020, Plaintiff filed a motion for sanctions against FCI Gilmer for its allegedly retaliatory

interference with his filing suit, by impeding his mailings in this case.  ECF No. 41. On June 29,

2020, Defendants filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment,

with a memorandum in support, attaching a sworn declaration and exhibits.  Defendants also filed excerpts from Plaintiff's medical records and a copy of the available footage of the incident at issue in this case under seal. Defendant's June 29, 2020 memorandum in support noted that inmates are not permitted to receive and  retain  copies  of  video surveillance footage, but that a copy of the footage was being provided to Plaintiff's Unit Team for Plaintiff to review in his unit. See ECF No. 43, n.2 at 2. Defendants also filed a motion to exceed the page limits, and a motion to seal the video footage and excerpts from Plaintiff's medical records. ECF Nos. 44, 45. On June 30, 2020, by separate Orders, Defendants' motion to seal and to exceed the page limits were granted, and because Plaintiff was proceeding *pro se,* a Roseboro Notice was issued.  ECF Nos. 46, 47, 48. Plaintiff's motion for sanctions against FCI Gilmer was denied. ECF No. 50.

After receiving the Court's Roseboro Notice, Plaintiff moved the Court for an extension of time, contending that he had not received the Defendants' dispositive motion and was unaware that it had been filed until he received the Roseboro Notice.  Accordingly, by Order entered July 9, 2020, the Defendants were directed to resend a copy of their dispositive motion to Plaintiff via certified mail, return receipt requested; to file proof of the same with the Court; and Plaintiff was granted a twenty-one day extension of time to respond from the date he received his copy.  ECF No. 54.  Plaintiff was advised that the video footage would be made available to him for viewing but that he could not retain possession of it. Id. at 1. The Defendants filed proof of service of the second copy of their dispositive motion to the Court on July 15, 2020, showing that Plaintiff received the second copy on July 13, 2020 [ECF No. 57], making the date his Roseboro response was due August 3, 2020.

On July 20, 2020, Plaintiff began a flurry of filings regarding the Defendants' response, filing two letter motions to view the video footage produced by Defendants. ECF Nos. 58, 59. On

July 21, 2020, Plaintiff filed a letter motion to conduct discovery. ECF No. 60. On July 22, 2020, he filed another letter motion to view the video.  ECF No. 61. On August 7, 2020, the Defendants filed a Response to Letter from Plaintiff Requesting to View Video Recordings, indicating that the Defendants had coordinated with the BOP to permit Plaintiff to view the video evidence submitted in this action, and the Defendants had confirmed that Plaintiff viewed all the video submitted, in a secure manner, on August 5, 2020.  See ECF No. 63. Accordingly, by separate Orders entered on August 11, 2020, Plaintiff's three letter motions to view the video were denied as moot and his motion to conduct discovery was denied without prejudice as premature. ECF Nos. 64, 65.

Nonetheless, on August 13, 2020, Plaintiff filed a Motion to Suspend and/or Continue Roseboro Notice; a Motion to Appoint Counsel; and a second motion for sanctions, titled Motion for Sanctions Against Defendants' Counsel for Fraud Upon the Court.[1]  ECF Nos. 66, 67, 68.  A faxed copy of a Declaration from Plaintiff was also received from a relative of Plaintiff's, describing his mailing of a copy of the disc of video footage to the Court, ostensibly in an apparent attempt to avoid Defendants' alleged tampering with his mailings.  ECF No. 69.  On August 17, 2020, Plaintiff filed another Declaration [ECF No. 70],  and another letter alleging issues with the post office; issues/interference with his mailings by prison; issues with mailings by Defendants' counsel in this action; and the obstacles he has had in viewing the video footage regarding the incident at issue in this case, and attaching a copy of an unpublished per curiam opinion from the Fourth Circuit Court of Appeals, vacating and remanding a § 2241 action filed in this Court as 3:18cv127, over the revocation of GCT associated with the disciplinary hearing over another

---

[1] Defendants' counsel's "fraud upon the court" is alleged to be the late mailing of its dispositive motion and the delays Plaintiff encountered in getting to view the video footage submitted.

incident report for a different violation,[2] not at issue in this <u>Bivens</u> action. <u>See</u> ECF No. 71-1, ECF No. 71.

Plaintiff has yet to comply with the extension of time originally granted in which to file his <u>Roseboro</u> response. <u>See</u> ECF No. 54. However, given the delay in the coordination with the BOP in providing Plaintiff an opportunity to view the video, by separate Order entered August 19, 2020, Plaintiff's Motion to Suspend and/or Continue <u>Roseboro</u> Notice was granted and denied in part; the motion to suspend the <u>Roseboro</u> Notice was denied, and the request to "continue" the <u>Roseboro</u> Notice was construed as a motion for an extension of time and was granted. <u>See</u> ECF No. 76.

In a number of his recent filings, Plaintiff has repeatedly intimated that he intends to amend his complaint to bring these new claims of retaliation and/or interference with his mailings during this litigation against both FCI Gilmer, who is not a party to this suit, and against Defendants' counsel, also not a party to this suit, for its purported "fraud upon the court" in delaying the mailings of its dispositive motion and attachments to him. <u>See</u> ECF Nos. 59, 60, 61.

However, Plaintiff's August 17, 2020 Declaration admits that he was able to view the video submitted with the Defendants' response, and that he did so on August 5, 2020 and August 13, 2020. ECF No. 70.  Nonetheless, he raises new complaints that the two discs were different from one another, and that the one he viewed on August 13, 2020 showed "medical looking at me and Jackson['s] injurys [sic], showing my injuries on my face and wrist." ECF No. 70.  Plaintiff indicates that he has sent the disc to the Court[3] via certified mail, providing a tracking number for the same. <u>Id.</u>

---

[2] The Plaintiff complained in his § 2241 petition that the video footage of the incident had been destroyed. The Fourth Circuit noted that when the district court denied Plaintiff § 2241 relief in that case on June 18, 2019, it did not have the benefit of <u>Lennear v. Wilson</u>, 937 F.3d 257, 279 (4th Cir. 2019).

[3] Presumably Plaintiff does not realize that the Court already has a copy of the disc.

Plaintiff's Motion to Suspend and/or Continue <u>Roseboro</u> Notice, originally filed as ECF No. 66, is construed also construed herein as a motion to amend the complaint. ECF No. 74.  In it, Plaintiff again indicates that he intends to amend his complaint "adding Defendants and Counts. Plaintiff has not been given access to full discovery and subjected to only view a [sic] altered/modified video evidence of incident and yet to see any injury pictures. Plaintiff communication with this Court is being interfered with[.]." <u>Id.</u>

For the reasons below, the undersigned recommends that Plaintiff's motion to amend be denied as futile.

## II. <u>Analysis</u>

It is true that a district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Fed.R.Civ.P. 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  In all other cases, Fed.R.Civ.P. 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Further, Fed.R.Civ.P. 15(c)(1)(A) provides that an amendment to a pleading relates back to the date of the original pleading when (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment.

When the above timelines have expired and the other party does not consent, a plaintiff may not amend his complaint without leave of court.  The Fourth Circuit has held that courts should deny leave to amend "only where good reason exists" to do so. Franks v. Ross, 313 F.3d 184, 189 n.15 (4th Cir. 2002). Leave to amend may be denied when the proposed amendment is futile because it is "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986); see also Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Here, a careful review of the record reveals that Plaintiff's construed motion to amend, appears to be merely another attempt to ignore the Court's conclusion regarding his two motions for sanctions, which were denied by the undersigned on June 30, 2020 and August 19, 2020, respectively.  In each of the Orders denying Plaintiff's motions for sanctions, Plaintiff was advised that he could not add new parties to the action to raise new claims that had not accrued before he filed his complaint, and that if he wished to pursue those claims, he must file a new Bivens action and pay the appropriate filing fee for the same. See ECF Nos. 50, 77.  However, Plaintiff continues to ignore the Court's Orders, filing repeated "Declarations" and motions repetitively seeking the same relief. Moreover, the amendment Plaintiff seeks to make to his complaint, adding retaliation/mail interference claims against FCI Gilmer, who is not even a proper party in a Bivens action, and against Defendants' counsel for a delay in mailing that Plaintiff deems a "fraud upon the court" would be futile, because there is no merit to either claim.

Plaintiff's motion indicates he intends to amend his complaint "adding Defendants and Counts" because he has not been "given access to full discovery and subjected to only view a [sic] altered/modified video evidence of incident and yet to see any injury pictures. Plaintiff communication with this Court is being interfered with[.]." ECF No. 66 at 1. Plaintiff has already

6

been notified that his request to conduct discovery in this matter is denied without prejudice as premature. ECF No. 65. Further, the PSLC assigned to this case has viewed the same video Plaintiff was provided with, and the Plaintiff's "injury pictures," such as they are, are clearly visible in the video.

As noted *supra*, Fed.R.Civ.P. 15(c)(1)(A) provides that an amendment to a pleading relates back to the date of the original pleading when (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Here, neither FCI Gilmer's purported retaliatory malfeasance regarding Plaintiff's mailings during the pendency of this matter, nor the failure of Defendants' counsel's first mailing of its dispositive motion "relate back" to Plaintiff's claims of excessive force or the fabrication of a "false" incident report against Plaintiff for being involved in a fight with another inmate.

## III. <u>Recommendation</u>

Based on the foregoing, the undersigned recommends that Plaintiff's motion to amend his complaint [ECF No. 74] should be **DENIED as futile.**

The parties are notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to**

**which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to provide a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

DATED:  August 19, 2020

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

8