```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KEVIN X. MCWILLIAMS,**

        **Plaintiff,**

v.                                    Civ. Action No. 1:19-CV-76
                                              (Judge Kleeh)

**J. FRAME**, Senior Officer;
**S. JAMISON**, Maintenance Worker Foreman;
**A. KUHL**, Lieutenant; **A. WEAVER**,
Senior Officer; and
**J. BARNES**, Senior Officer Specialist,

        **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 103] AND
OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 105]**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi. ECF No. 103. For the reasons discussed below, the Court adopts the R&R.

## I.     PROCEDURAL HISTORY

On April 11, 2019, the plaintiff, Kevin X. McWilliams ("Plaintiff"), filed "Federal Civil Rights Complaint (*Bivens* Action)" pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (the "Complaint"). ECF No. 1. The Complaint stems from a fight between inmates that occurred on January 10, 2018, in which Plaintiff was also involved and sustained injuries. <u>Id.</u> Plaintiff filed a motion for leave to proceed <u>in forma pauperis</u> which was granted by Court order directing Plaintiff how to proceed with the necessary filing fee.

ECF Nos. 2, 7. Petitioner paid the filing fee in full on May 12, 2020, with incremental payments occurring prior to that date. ECF No. 31.

All summons having been returned executed, AUSA Prezioso filed a notice of appearance on behalf of all defendants and a dispositive motion to dismiss, which is the subject of the Magistrate Judge's R&R and this Order. ECF Nos. 40, 42. Thereafter the Magistrate Judge issued a Roseboro notice, and by September 25, 2020, the motion was fully briefed. ECF Nos. 48, 87, 93.

## II.  THE BRIEFINGS AND REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the entire action to United States Magistrate Judge Michael J. Aloi. On June 29, 2020, Defendants filed a Motion to Dismiss with a memorandum in support, arguing Plaintiff's complaint should be dismissed because (1) Plaintiff failed to exhaust the administrative remedies under the Administrative Remedy Program (28 C.F.R. § 542.10 et seq.)[1]; (2) Plaintiff failed to assert a cognizable Bivens claim; and (3) Defendants are entitled to qualified immunity. ECF Nos. 42, 43.

---

[1] The Administrative Remedy Program is one program promulgated by the Bureau of Prisons under the United States Department of Justice pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

2

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 103] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 105]**

In response to the Motion, Plaintiff filed two responses on September 11, 2020. ECF Nos. 86, 87.[2] Plaintiff's first response reiterated much of the allegations in the complaint, highlighting his claim of deprivation of constitutional rights, including his time spent in the Special Housing Unit ("SHU") and his argument that he is due 27 days of Good Conduct Time ("GCT"). ECF No. 86. Plaintiff further responded that he has a right to bring his claims to this Court and that he has exhausted all available administrative remedies, which is directly contrary to what he stated in his complaint. ECF No. 1, Section IV, ¶ F ("I could not exhaust administrative remedies because administration would not acknowledge any of my complaints."). In Plaintiff's second response, he takes issue with much of what he discussed in his Complaint and first response, including: (1) the video surveillance that Defendants submitted as Attachment B, (2) Defendants' description of Plaintiff's injury from the January 10, 2018, incident, (3) the incident reports submitted by Plaintiff and the GCT issue, (4) he exhausted the administrative remedies, and (5) his Bivens claim is cognizable. ECF No. 87.

Defendants' Reply states that "Defendants wish to stand upon the facts and arguments previously asserted in their Motion to

---

[2] Plaintiff also filed a surreply without leave of court on December 10, 2020. ECF No. 101. This filing was not considered by the Magistrate Judge and will not be discussed here. See LR PL 11(d); LR PL 13.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 103] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 105]**

Dismiss, or in the Alternative, for Summary Judgment and Memorandum filed in support thereof (ECF Nos. 42, 43) and maintain that this Court should dismiss the pending Bivens Complaint (ECF No. 1)." ECF No. 93. Defendants further dispute that Plaintiff was not able to view the video evidence submitted by Defendants or that the video evidence was altered. Id.

Magistrate Judge Aloi issued the R&R on January 21, 2021, recommending that the Court grant Defendants' Motion [ECF No. 42] and dismiss Plaintiff's Complaint [ECF No. 1] with prejudice for failure to exhaust the administrative remedies. ECF No. 103. The Magistrate Judge also recommended that all other pending motions in this matter be denied as moot.

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Plaintiff accepted service of the R&R on January 25, 2021. ECF No. 104. Plaintiff filed timely objections to the R&R on February 4, 2021. ECF No. 105.

### III. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 103] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 105]**

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

## IV.  OBJECTION

Plaintiff filed a five-page document titled "Objections to Report and Recommendation." ECF No. 105. The Court gleans one objection from this filing; specifically, Plaintiff's objection to the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed for failure to exhaust the administrative remedies. Plaintiff reiterates much of his argument from previous filings and cites no legal authority supporting his objection. Plaintiff attached an exhibit to the objections. ECF No. 105-1 (Exhibit A, Inmate Admission & Orientation Handbook).

## V. DISCUSSION

After reviewing for clear error and finding none, the Court adopts and incorporates by reference all portions of the R&R to which no objection – or an objection too vague – was made.

### A. Objection – Exhaustion of Administrative Remedies

Plaintiff takes issue with the Magistrate Judge's finding that he failed to exhaust his administrative remedies under the "Administrative Remedy Process." ECF No. 105. Specifically, Plaintiff argues in his objection that Defendants' claim that he failed to exhaust the administrative remedies is false and misleading. Id. He further argues that the Administrative Remedy Program pursuant to 28 C.F.R. § 542.10 et seq. is not an option for him, nor is it the "proper venue" in which to file his complaint of assault. Id. Plaintiff asserts "[t]here is no informal resolution or a complaint of any form of 'assault'" and step one of the administrative remedy program is "impossible" to complete "without a [sic] investigation being conducted." Id.

The Court adopts the Magistrate Judge's R&R on this issue. Congress enacted the Prison Litigation Reform Act ("PLRA") in 1995 which required that administrative remedies be exhausted prior to a prisoner plaintiff bringing an action pursuant to 42 U.S.C. § 1983 with respect to prison conditions. 42 U.S.C. § 1997e. A Bivens

action, like an action under § 1983, is subject to the exhaustion requirement. Porter v. Nussle, 534 U.S. 516, 524 (2002).

Pursuant to the PLRA, the Bureau of Prisons promulgated 28 C.F.R. § 542.10 et seq., which is the "Administrative Remedy Program [] to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement," and constitutes the four-step administrative process required. 28 C.F.R. § 542.10(a). If an inmate is unable to resolve his complaint informally, he may file a formal written complaint with the institution on the appropriate form (BP-9) within 20 calendar days of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the inmate is still not satisfied, he may appeal the Regional Director's response to the Washington, D.C., Office of General Counsel, using the appropriate form (BP-11) within 30 calendar days of the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. See 28 C.F.R. § 542.15(a).

Case 1:19-cv-00076-TSK Document 106 Filed 03/15/21 Page 9 of 11 PageID #: 584

McWilliams v. Frame, et al. 1:19-CV-76
**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 103] AND
OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 105]**

Where exhaustion is not apparent from an inmate's pleading, "a complaint may be dismissed on [administrative] exhaustion grounds so long as the inmate is first given an opportunity to address the issue." Custis v. Davis, 851 F.3d 358 (4th Cir. 2017) (quoting Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)).

In Plaintiff's Complaint, he stated: "I could not exhaust administrative remedies because administration would not acknowledge any of my complaints." ECF No. 1, Section IV, ¶ F. Plaintiff stated in his responses that he did exhaust the administrative remedies. See ECF Nos. 86, 84. In contrast to Plaintiff's contention in his Complaint, the record shows that since Plaintiff's arrival at FCI Gilmer, he has filed at least 20 administrative remedies over matters not at issue to the claims raised in the Complaint, and successfully exhausted at least two of those. See Administrative Remedy Generalized Retrieval, ECF No. 43-1 at 28-30. Plaintiff himself attached copies of grievances he filed between 2019 and 2020, all after he filed the instant Complaint. See ECF No. 87-1. Plaintiff attached no grievances that are relevant to the instant claims raised in the Complaint.

In reviewing the Magistrate Judge's R&R and this objection, which goes to the heart of the Magistrate Judge's R&R and Defendants' motion to dismiss, the Court adopts the R&R on this

9

ground and overrules Plaintiff's objection. Because Plaintiff has not exhausted his claims, they must be dismissed.

## VI. CONCLUSION

Upon careful review, the Court **ADOPTS** the R&R [ECF No. 103] and **OVERRULES** Plaintiff's objection [ECF No. 105]. The Defendants' Motion to Dismiss [ECF No. 42] is **GRANTED,** and the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**[3] ECF No. 1.

Further, Plaintiff's Motion to Suspend and/or Continue Roseboro Notice/Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment [ECF No. 74]; Motion for Court Review of Video Footage and Sanctions Against Defendants' Counsel for Tamperering [sic] with Evidence by Giving Plaintiff Altered/Modified Video Footage Hendering [sic] Plaintiff['s] Ability to View Evidence and Respond [ECF No. 79]; Motion to Amend Request for Sanctions and Request to Strike Government[']s Exhibit [ECF No. 80]; Motion for Discovery [ECF No. 81]; Motion to Reconsider Plaintiff's Motion to View Video Evidence/Objection to Ruleing [sic] [ECF No. 85]; Motion to Amend Complaint [ECF No. 95]; Motion to Reconsider Order Denying his Motion for Discovery and Request for Inclusion of Additional Facts [ECF No. 97]; and

---

[3] As the Magistrate Judge stated, such a dismissal would normally be without prejudice, but here, because so much time has now elapsed, Plaintiff is time-barred from finishing the exhaustion process. See 28 C.F.R. § 542.18.

Case 1:19-cv-00076-TSK   Document 106   Filed 03/15/21   Page 11 of 11   PageID #: 586

**McWilliams v. Frame, et al.**                                                 **1:19-CV-76**
**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 103] AND
OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 105]**

Motion to Reconsider Order Denying Sanctions, and Request for Inclusion of Additional Facts [ECF No. 98] are **DENIED AS MOOT**.

The Court **ORDERS** that this matter be **STRICKEN** from the Court's active docket and **DIRECTS** the Clerk to enter a separate judgment order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and the pro se Plaintiff, via certified mail, return receipt requested.

DATED: March 15, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE