```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KEVIN X. MCWILLIAMS,**

        Plaintiff,

v.                                               Civ. Action No. 1:19-CV-76
                                                                   (Judge Kleeh)

**J. FRAME**, Senior Officer;
**S. JAMISON**, Maintenance Worker Foreman;
**A. KUHL**, Lieutenant; **A. WEAVER**,
Senior Officer; and
**J. BARNES**, Senior Officer Specialist,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM ORDER**

On April 11, 2019, the plaintiff, Kevin X. McWilliams ("Plaintiff"), filed "Federal Civil Rights Complaint (*Bivens* Action)" pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (the "Complaint"). ECF No. 1. The Complaint stems from a fight between inmates that occurred on January 10, 2018, in which Plaintiff was also involved and sustained injuries. Id. On March 15, 2021, by previous Order [ECF No. 106], the Court dismissed with prejudice Plaintiff's Bivens complaint and disposed of the pending motions in this matter. The Court directed the Clerk to strike this case from the active docket of this Court. ECF No. 106. On March 29, 2021, Plaintiff filed Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, arguing that the Court

erred in dismissing the action for Plaintiff's failure to exhaust the administrative remedies, and that contrary to the Court's ruling, "there [were no] Administrative Remed[ies] to Exhaust at all." ECF No. 109, at 2. The Court denied that motion on April 26, 2021. ECF No. 114.

Now pending before the Court is Plaintiff's "Civil Rule 60(b)" motion. ECF No. 133. Specifically, Plaintiff seeks relief from this Court's order granting summary judgment due to mistake and excusable neglect. Because the Court did not enter summary judgment in this case, the Court construes Plaintiff's motion as a Rule 60(b) motion seeking relief from the Court's Order Adopting R&R and Granting Defendants' Motion to Dismiss. ECF No. 106. For the reasons discussed below, Plaintiff's motion for relief from order is **DENIED**. ECF No. 133.

Rule 60(b) of the Federal Rules of Civil Procedure governs the grounds for relief from a final judgment, order, or proceeding. The rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

>   applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The motion must be made within "reasonable time" or within one (1) year of the order if the grounds lie in reasons (1), (2), or (3) of Rule 60(b). Fed. R. Civ. P. 60(c).

Rule 60(b)(6) requires only "extraordinary circumstances" as "reason that justifies relief." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011). Courts have defined Rule 60(b)(6) as a catchall provision such that a court may grant relief under the rule if the "action is appropriate to accomplish justice." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

Plaintiff's motion is untimely and does not fall under one of the six grounds for relief from order. Plaintiff has not demonstrated that (1) there is mistake, inadvertence, surprise, or excusable neglect; (2) there is newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifies relief. Fed. R. Civ. P. 60(b). It remains true that Plaintiff failed to comply with the administrative remedy requirement. 28 C.F.R. § 542.10 et seq.; Custis v. Davis, 851 F.3d 358 (4th Cir. 2017) (quoting Moore

3

v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("a complaint may be dismissed on [administrative] exhaustion grounds so long as the inmate is first given an opportunity to address the issue."). Because Plaintiff did not exhaust his claims, they were properly dismissed. Therefore, Plaintiff has not met his burden, and his motion for relief from order is **DENIED** [ECF No. 133]. Plaintiff's "Motion for All Video Evidence to be Sent to me by Disk" is **DENIED as moot.** [ECF No. 144].

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se Plaintiff, by certified mail, return receipt requested, to the last known mailing address.

**DATED**: April 13, 2022

*/s/ Thomas S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA